**Ermal BAXHIJA, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.**

No. 07–0653–ag.

United States Court of Appeals, Second Circuit.

Oct. 26, 2007.

the Government has invoked the issue exhaustion doctrine. *Zhong,* 480 F.3d at 107 n. 1 & 115.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Gregory Marotta, Vernon, NJ, for Petitioner.

Peter D. Keisler, Acting U.S. Atty. General and former Asst. Atty. General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Jennifer Keeney, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ermal Baxhija, a citizen of Albania, seeks review of a January 29, 2007 order of the BIA dismissing his appeal from the August 22, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his applications for asylum and withholding of removal. *In re Ermal Baxhija*, No. A97 849 665 (BIA Jan. 29, 2007), *aff'g* No. A97 849 665 (Immig. Ct. N.Y. City Aug. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296 (2d Cir.2007). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

In this case, the IJ based his adverse credibility determination on two grounds: 1) inconsistencies in Baxhija's testimony and between his testimony and his written statements; and 2) Baxhija's failure to submit corroborative evidence of the lawsuits that he and the Democratic Party allegedly filed in Albania.

The IJ noted several inconsistencies. These related to differences of as much as six months in the dates when Baxhija claimed he was summoned to the local district attorney's office concerning his complaints about voting irregularities. When asked to explain these inconsistencies by the IJ, Baxhija was unable to clarify his testimony. The IJ also noted that his written statements, prepared with the assistance of counsel, alleged that Baxhija was required to appear in court in Albania due to a summons received in August 2002, whereas Baxihija testified that he was required to appear at a local district attorney's office. The IJ queried Baxhija about these inconsistencies, and the response was only that his memory was faulty. The petitioner testified both that he had not received any document concerning an alleged lawsuit that he filed against the Albanian authorities and that he had received such a document, but that it was not now in his possession. Although he produced some documents from the local political party, he did not produce any document concerning an alleged lawsuit that the party had filed on his behalf. He was unable to explain the omission. The IJ noted that at times Baxhija's testimony became "incoherent." The IJ also noted that the petitioner's parents continue to reside in Albania, and he provided no information regarding any problems concerning them.

In sum, the IJ had an ample basis for finding the petitioner not credible, and we have no basis to disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).